UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MICHAEL BALTER

       Plaintiff,

vs.

TINSLEY ADVERTISING & MARKETING, INC.

       Defendant

_____/

## COMPLAINT FOR DAMAGES

Michael Balter ("Balter") sues Defendant, Tinsley Advertising & Marketing, Inc. ("Tinsley") and alleges as follows:

### Jurisdiction

1.     This is an action for damages to redress the deprivation of rights secured by the Employee Retirement Income Security Act ("ERISA") 29 USC 1161 *et seq*. as amended by the Comprehensive Omnibus Budget Rehabilitation Act ("COBRA"), 29 USC 1161 *et seq*.

2.     Under COBRA, an employer must notify the administrator within 30 days of the Qualifying Event (*ie* termination). And in turn, the administrator must provide a terminated employee with notification of his or her right to receive continued health insurance benefits ("COBRA Notification") within 14 days.

### Parties/ Jurisdiction and Venue

3.     At all times material hereto, Balter was an employee of Tinsley in the State of Florida.  Balter's employment was terminated on or about November 5, 2021.

4.     At all times material hereto, Tinsely was doing business in South Florida at 2000

S. Dixie Highway, Suite 201, Miami, FL 33133.

5.    Balter was an employee of Tinsley and was a participant in a Group Health Insurance Plan offered by Tinsley

6.    At all times relevant and material hereto, Tinsley employed twenty or more employees and therefore was subject to the notice requirements of COBRA under 29 USC 1161.

7.    The unlawful practices herein were committed by Tinsley in the State of Florida.

8.    This Court has jurisdiction over the actions asserted herein pursuant to 29 USC 1132.  Venue is proper in this district pursuant to 28 USC 1391.


## General Allegations

9.    Balter was an employee of Tinsley at its location located in Miami Florida until November 5, 2021, when Balter's employment was terminated.

10.    Balter's termination on or about November 5, 2021, was a "qualifying event" as defined by 29 USC 1163.

11.    Although Tinsely was aware of Balter's need for health insurance, it failed to notify the administrator of the Qualifying Event within 30 days and therefore, Balter never received COBRA Notification.

12.    As a Plan Administrator Tinsley failed to notify Balter of his right to continuation of benefits under COBRA.

13.     Had Balter received the COBRA notification in a timely manner, he would have exercised his right to continued health insurance coverage under COBRA.

14.     Tinsley to date has still not provided COBRA notification to Balter.

15.     Balter has retained the undersigned lawyer and has agreed to pay it a reasonable fee for its services.

16.     All conditions precedent to the bringing of this action have been performed waived or excused.

### Count I
### (Failure to send Notice of COBRA Rights)

17.     Balter realleges and reavers the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18.     Balter was a covered employee under COBRA.

19.     Tinsley breached its fiduciary duty as an employer/plan sponsor by failing to provide the administrator with Notice of Balter's termination (*ie* Qualifying Event).

20.     Tinsley breached its fiduciary duty as the administrator by failing to provide the required notice to Balter for him to elect the continuation of his insurance coverage.

21.     Pursuant to 29 CFR 2575.502c-1, an administrator who failed to provide the requisite COBRA notification may be liable to a participant/beneficiary for up to $110 per day from the date of such failure.

22.     As a result of Tinsley's violation of the COBRA statute, Balter is entitled to recover damages of $110 per day from the date Tinsley violated the COBRA statute to the

present and continuing until the COBRA Notification is effected.

23.     Moreover, Balter is entitled to recover all the medical expenses he has incurred due to Tinsley's violations and other appropriate relief to be determined at trial.

24.     Balter  is further entitled to all of his attorneys' fees and costs pursuant to 29 USC 1132(g)(1).

WHEREFORE, Balter seeks entry of judgment against Tinsley for an award of all reasonable medical expenses incurred that were not covered, for the statutory violation of $110 per day, for reasonable attorneys fees and court costs and for any other relief this Court deems just and proper under the circumstances.

## Demand for Jury Trial
Plaintiff demands trial by jury on all issues so triable.

Behren Law Firm
1930 N. Commerce Parkway
Suite 4
Weston, Florida 33326
Telephone (954) 636-3802
Facsimile (772) 252-3365
scott@behrenlaw.com
www.behrenlaw.com

By:_/Scott M. Behren/_____
        Scott M. Behren
        Florida Bar No. 987786